ANTHONY CORINNA, Plaintiff, *v.* CONTINENTAL CASUALTY COMPANY, Defendant, and EASTERN CONSTRUCTION Co., INC., and Another, Impleaded Defendants.

Municipal Court of New York, Borough of Bronx, Second District, March 31, 1936.

*Julius Braunschweig*, for the plaintiff.

*McCormick & Eckel [Arthur Wachtel* of counsel], for the defendant Continental Casualty Company.

*John Bradshaw [Walter V. Berwick* of counsel], for the impleaded defendant Angelo Compobosso.

SULLIVAN (DANIEL V.), J. On June 13, 1934, the defendant casualty company executed an undertaking on appeal and on December 21, 1934, became absolutely liable thereunder. On January 8, 1935, Delwall Contracting Co., Inc., the judgment creditor for whose security the undertaking was given, assigned its rights to the plaintiff who commenced this action to recover the amount due. The casualty company impleaded the other defendants.

Compobosso is a judgment creditor of Delwall Contracting Co., Inc. On December 28, 1934 (before the assignment to the plaintiff), he had served a third party order in supplementary proceedings upon Eastern Construction Co., Inc., the judgment debtor, which had furnished the undertaking on appeal. No copy of the order or notice of the issuance thereof was served upon the casualty company or Delwall Contracting Co., Inc.

Eastern Construction Co., Inc., answered herein but defaulted upon the trial.

This controversy is between the plaintiff, the assignee, and Compobosso, the judgment creditor of Delwall Contracting Co., Inc. The casualty company asks for judgment over against Eastern Construction Co., Inc.

As between these rival claimants, it appears that the plaintiff is entitled to prevail. There is no privity of contract between the casualty company and Compobosso. As this court views the situation, he gained no advantage by serving the third party order upon Eastern Construction Co., Inc., before Delwall Contracting Co., Inc., made the assignment to the plaintiff, which apparently it had the absolute right in law to do.

Eastern Construction Co., Inc., is not the holder of the fund represented by the undertaking. Neither the casualty company nor Delwall Contracting Co., Inc., has been enjoined with respect to the fund. The latter has transferred its claim to the plaintiff. The former wants to make payment to the party found to be entitled thereto. Upon the issue of law, as indicated, that party is the plaintiff. Upon the issue of fact (the validity of the assignment) the finding is also for the plaintiff. In that connection the law appears plain; suspicion of fraud of itself is insufficient to vitiate the assignment.

Judgment for the plaintiff against the defendant Continental Casualty Company for $259.27, with interest from December 21, 1934, with judgment over to it against the defendant Eastern Construction Co., Inc., for $309.27, with interest from December 21, 1934. Exception in each instance. Ten days' stay of execution.